IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

GABRIEL BACA,

    Plaintiff,

v.                                                      No. 1:22-CV-00381 WJ/KK

WALT DISNEY STUDIOS and
HARTIGAN CASTING LLC,

    Defendants.

## MEMORANDUM OPINION AND ORDER REGARDING SUBJECT MATTER JURISDICTION

**THIS MATTER** comes before the Court upon Defendant's Response to the Court's Order to Show Cause (Doc. 8). Having reviewed the pleading and applicable law, this Court determines that the Complaint does not demonstrate subject matter jurisdiction and therefore remands the case to the Second Judicial District Court of the State of New Mexico, Bernalillo County.

### BACKGROUND

On October 29, 2021, Plaintiff Gabriel Baca filed suit against Walt Disney Studios, Inc. and Hartigan Casting, LLC in the Second Judicial District Court of the State of New Mexico. Plaintiff is a resident of New Mexico; Walt Disney Studios is headquartered in California, and does business in New Mexico; and Hartigan Casting is a New Mexico domestic LLC. In his Complaint, Plaintiff alleges that he was hired by Hartigan Casting to be an extra on set for a Disney production. During Plaintiff's interview, he informed Hartigan Casting that he could not

wear a face mask due to a documented medical condition. He was told to send an email to the studio production team for Disney regarding accommodations for his condition, which he did. He also stated in the email that he obtained a negative Covid-19 test. Disney did not respond to the email.

On July 7, 2021, Plaintiff arrived on the studio set as instructed. He did not wear a mask and went sent to the Covid Compliance officers who informed him that he must wear a mask. Plaintiff showed the officers his email, who then allowed Plaintiff to remain on the set. Plaintiff was directed to the wardrobe, hair and makeup area and participated in the filming of a scene. He was asked by a few crew members if he needed a mask, to which he responded that he did not need one due to a medical condition, and could direct them to a supervisor for further details on the situation. One crew member then stated, in front of twenty or more people, "oh, you're one of those! I was told we had one of these today, but I didn't know you were the one." Twenty minutes later, the Background Production Assistant approached Plaintiff and asked him to leave the room and return to the holding area. He was not used in production after that point. He returned for filming the following two days but was not used in production, and was instructed to sit in a room alone or in his car. A Covid Compliance officer told him to keep six feet away from everyone and to not talk to anyone. She told him that if anyone approaches him, to tell them that he cannot talk to them because he was not wearing a mask. Another set employee told him to stop harassing the employees. Plaintiff eventually left the set and did not return.

His Complaint alleged counts for breach of contract, negligent misrepresentation, and punitive damages. Count 4 is a "reserved count" for violation of the Americans with Disabilities Act ("ADA"). It states that "Plaintiff will be seeking administrative remedies. If those remedies are exhausted without a satisfactory resolution, Plaintiff reserves the right to file an amended

and/or supplemental complaint including a violation of the ADA as an additional count in this matter."

Walt Disney Studios removed the case to federal court on May 17, 2022. *See* Doc. 2. It stated that its basis for subject matter jurisdiction was based on the "reserved count" for a violation of the ADA, noting that although this count was reserved, the facts still demonstrated a plausible violation of the ADA. This Court issued a show cause order, directing Walt Disney Studios to explain its basis for subject matter jurisdiction. *See* Doc. 6. The Court now addresses Walt Disney's Response (Doc. 8).

## DISCUSSION

A case filed in state court can be removed to federal court if the federal court can exercise subject matter jurisdiction. In this instance, Walt Disney Studios asserts subject matter exists based on the presence of a federal question in the Complaint—that is, that the reserved count for an alleged violation of the ADA arises under federal law. 28 U.S.C. §§ 1331, 1441(a), and 1446. Indeed, the ADA is a federal statute, and a claim based on that statute would confer proper subject matter jurisdiction to this federal court. However, the reserved count is contingent on Plaintiff filing an amended complaint if he does not receive the administrative remedies he is seeking. Thus, on the face of the Complaint, there is not an asserted claim under the ADA—there is merely the potential in the future for an amended complaint to assert a claim based on federal law. Indeed, Plaintiff's Motion for Default Judgment in state court on February 21, 2022 further demonstrates the lack of a federal claim in the Complaint. He asserted that he initiated the matter for "breach of contract, negligent, misrepresentation, and punitive damages" and sought a "default Judgment against Walt Disney Studios, Inc. in the amount of $20,000.00 in damages for

breach of contract and negligent misrepresentation" and for an award of punitive damages. *See* Doc. 2-5. He did not mention any ADA claim.

Disney responded to the Court's Order to Show Cause, arguing that while the ADA claim is "reserved," the Complaint still alleges specific facts that draw reasonable inferences that Disney is liable for violations under the ADA. It points to specific facts in the Complaint, stating that those facts give rise to an alleged violation under the ADA—namely that Plaintiff alleged he was disabled, Disney did not make any reasonable accommodations for his disability, and that Disney took adverse employment action due to Plaintiff's disability. Disney claims these facts demonstrate a "facially plausible claim under the ADA in which removal may be granted."

Nevertheless, simply because the Court could pull out facts in a Complaint that could form the basis of unpled counts for, say, a violation of Title VII, the Federal Labor Standards Act, or any other federal law does not mean the Complaint raises a federal question. The Court does not make arguments for parties, and if Plaintiff chooses not to raise an allegation that he could have raised, the Court will not extract his words to create a count he preferred to leave unpled. In other words, just because the Complaint could raise a federal question does not mean that it does. To "raise" something requires action, not merely the potential for action. In this instance, Plaintiff has chosen not to raise the federal question of whether the Defendants violated the ADA by leaving the count reserved. He may do so in the future in an amended complaint, but that possibility is speculative. The Court will not hear a case based on the speculative possibility that a federal issue may be presented at some time in the future.

This case is similar to *Moreno v. Select Portfolio Servicing, Inc.*, in which Plaintiff filed a Complaint reserving the right to amend the complaint to add counts under the federal Real Estate Settlement Procedures Act and the federal Trust in Lending statute. 2010 U.S. Dist. LEXIS

68012 (E.D. Cal. June 23, 2010). The Court in that case stated, "Plaintiff's Complaint does not assert any federal claims. Although the Complaint refers to potential violations of RESPA and TILA, the Complaint does not actually allege that these federal statutes have been violated; rather, the Complaint suggests that they may have been and that Plaintiff might seek leave to amend to assert such claims." *Id*. at *30. It remanded the case to state court explaining, "If, following remand of this action, Plaintiff amends his complaint to allege violations of RESPA, TILA, or any other applicable federal law, SPS can file a successive notice of removal based on these federal questions." *Id*. at *31. Similarly, in the case at bar, if Plaintiff does end up amending his Complaint to contain an ADA allegation, Disney can file another notice of removal. Until Plaintiff's contingences become concrete, the proper forum for this case is state court.

      Disney argues that failure to state a proper cause of action calls for a judgment on the merits, rather than a dismissal for lack of jurisdiction. It also argues that the fact that Plaintiff has not yet exhausted his available remedies is not a bar to federal jurisdiction. It states that whether relief could be granted absent exhaustion is a question of law that can only be addressed after the Court has assumed jurisdiction over this matter, citing *Fort Bend County v. Davis*, 587 U. S. ⸺ ⸺, 139 S. Ct. 1843 (2019). That case held that the exhaustion of administrative remedies did not present a jurisdictional defect. Instead, it is a dispositive defense or affirmative defense that a party can raise. Disney argues that "[i]n sum, a rule may be mandatory without being jurisdictional."

      Both of these arguments miss the point. The Court is not remanding the case due to the fact that Plaintiff failed to state a proper cause of action that misses certain elements or factual requirements. It is remanding the case because Plaintiff did not state a cause of action at all. The

reserved cause of action is a speculative possibility, not a concrete issue that the Court would address at this point in the case. If Plaintiff chooses not to amend his Complaint, this federal court would be hearing a case based only on negligent misrepresentation and breach of contract for damages of $20,000 between non-diverse parties, which would be improper. Similarly, the Court is not remanding the case based on Plaintiff's failure to exhaust his administrative remedies. It is remanding the case because the only possible federal question is based on contingencies. It would similarly remand the case if the reserved federal count stated that Plaintiff might amend the Complaint to include a federal count after he discusses settlement options, or confers with his attorney regarding the law, or virtually any other reason. In sum, the remand has nothing to do with exhaustion and all to do with the speculative nature of the count.

Therefore, the case will be remanded to the Second Judicial District Court of the State of New Mexico, Bernalillo County.

**IT IS SO ORDERED.**

_____
WILLIAM P. JOHNSON
CHIEF UNITED STATES DISTRICT JUDGE